UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA TOLSMA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KING COUNTY, JOHN DOE #1 AND JOHN DOE #2,<br><br>　　　　　　　Defendants. | C09-489Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant King County's motion for summary judgment, docket no. 11. In response to King County's motion, plaintiff Joshua Tolsma has requested a continuance under former Federal Rule of Civil Procedure 56(f), docket no. 52, and has moved to compel responses to certain discovery requests, docket no. 49. Having reviewed all papers filed in support of, and in opposition to, the pending motions, the Court enters the following Order.

**Background**

This action arises out of a dispute between plaintiff and other pretrial detainees housed together at the King County Correctional Facility, also known as the King County Jail, in Seattle. *See* Supervisors Incident Report, Item 10, Resp. to RFP No. 2, Ex. 1 to Bundy Decl. (docket no. 54-3 at 35). On May 15, 2007, inmates Cleo Reed and Dale LaLonde had an altercation over LaLonde's use of racial slurs. *Id.* During the course of this altercation, Reed

ORDER - 1

hit LaLonde. *Id.*; *see also* Plaintiff's Witness Statement, Item 11, Resp. to RFP No. 2, Ex. 1 to Bundy Decl. (docket no. 54-3 at 43). Jail officers removed LaLonde from the area. Other inmates then joked at LaLonde's expense, which upset plaintiff. Plaintiff's Witness Statement (docket no. 54-3 at 43). As a result, plaintiff told Reed that assaulting LaLonde was "a charge carrying five years in prison," and that what he had just done was "unfair." *Id.* Reed approached plaintiff and said, "stay out of [my] business." *Id.* Plaintiff responded, "I shun thugs like you," and Reed then punched plaintiff three times in the face. *Id.*

Jail officers removed both plaintiff and Reed, and isolated them pending further investigation. Jail Incident Report, Item 11, Resp. to RFP No. 2, Ex. 1 to Bundy Decl. (docket no. 54-3 at 47). Both LaLonde and Reed were subsequently found guilty of infractions and sanctioned to five and seven days, respectively, of disciplinary deadlock. Inmate Infraction Report, Items 11 & 13, Resp. to RFP No. 2, Ex. 1 to Bundy Decl. (docket no. 54-3 at 38 & 54). Plaintiff was relocated to a different cell block. *See* Supervisors Incident Report (docket no. 54-3 at 35).

Plaintiff later filed suit against King County and two John Doe defendants, alleging two claims under 42 U.S.C. § 1983, for violation of the Eighth and Fourteenth Amendments, a claim of municipal liability (which is duplicative of his § 1983 claims), and a claim of negligence. Complaint (docket no. 2). Plaintiff has never identified the John Doe defendants by name, and the deadline for joining parties and amending pleadings has long since passed. *See* Minute Order (docket no. 9).

King County's motion for summary judgment was originally filed in November 2009, but was stayed while the status of plaintiff's legal representation was being resolved. Minute Order (docket no. 33). In December 2010, plaintiff's attorney, who had been disbarred, was removed from the case, and King County's motion was reinstated and noted for February 18, 2011. Minute Order (docket no. 40). Plaintiff requested and received an extension of time to retain new counsel, and King County's motion was continued to March 11, 2011. Minute

Order (docket no. 48).  Plaintiff now proceeds pro se and has filed a substantive response to King County's motion, along with his request for additional time to take discovery.  *See* Fed. R. Civ. P. 56(d)(2) (2010).

**Discussion**

**A.     Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (2010).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex*, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477 U.S. at 249.  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 529 (2006).

**B.     Section § 1983 Claims**

Because plaintiff was a pretrial detainee at the time in question, his reliance on the Eighth Amendment in asserting a § 1983 claim is misplaced.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Instead, his § 1983 claim is more appropriately brought under the Due Process Clause of the Fourteenth Amendment.  *Id.*; *see also Banks v. Deschutes County*, 2011 WL 86875 at *1 (9th Cir. Jan. 11, 2011) ("Pre-trial detainees have a due process right not to be punished.").  A pretrial detainee's due process claim, however, is analyzed under

the same standards that govern an Eighth Amendment claim brought by a convicted prisoner. *Banks*, 2011 WL 86875 at *1.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates because being "violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). Not every injury suffered, however, by one prisoner at the hands of another translates into constitutional liability for prison officials. *Id.* Rather, prison officials are liable under the Eighth Amendment only if they demonstrate "'deliberate indifference' to 'conditions posing a substantial risk of serious harm' to an inmate." *Id.*

Deliberate indifference is governed by an entirely subjective standard. *Banks*, 2011 WL 86875 at *1; *see also Glenn v. Berndt*, 289 F. Supp. 2d 1120, 1123-24 (N.D. Cal. 2003). To establish liability for deliberate indifference, a plaintiff inmate must show that the defendant officer (i) was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (ii) actually drew the inference. *Glenn*, 289 F. Supp. 2d at 1124; *see also Jones v. Marshall*, 459 F. Supp. 2d 1002, 1008 (E.D. Cal. 2006) ("The prison official must 'know and disregard an excessive risk to inmate health or safety.'").

To date, plaintiff has failed to identify any jail officer who allegedly exhibited deliberate indifference on the day of, or the days just preceding, Reed's assault on plaintiff. Although plaintiff indicates that he witnessed fights in the cell block during the period leading up to Reed's assault, plaintiff offers no evidence that he complained about these fights to jail officers or that he expressed any concerns specifically about Cleo Reed. Plaintiff recounts sending a "kite" to Officer Wagonblast in which plaintiff complained that other inmates "were trying to set him up for misconduct or assault charges in order to discredit his defense." Response at 2 (docket no. 52). A log book entry dated May 8, 2007,

ORDER - 4

1  confirms that plaintiff passed a note to Officer Wagonblast.  The log book, however, reflects
2  that the note indicated plaintiff was "being approached inappropriately by another inmate."
3  Ex. 2 to Bundy Decl. (docket no. 54-4 at 34).  According to the log book, plaintiff was pulled
4  out of the cell and "interviewed to determine the problem."  *Id.*  Plaintiff makes no allegation
5  that the inmate who was the subject of his kite was Cleo Reed or that jail officers failed to
6  properly respond to his complaint.

7  Plaintiff also alleges that he sent another kite two or three days before Reed's assault,
8  suggesting that he be moved to another cell block because he could "foresee danger coming
9  along."  Response at 2-3 (docket no. 52).  Plaintiff accuses King County of failing to produce
10 records relating to this kite.  King County, however, has disclosed, from the time period at
11 issue, the log book entries in which plaintiff is mentioned, and it has stated that, to the extent
12 plaintiff is asserting he had conversations with corrections staff regarding Reed prior to the
13 assault, King County does not know who such staff are, if in fact any such conversations
14 occurred.  Initial Disclosures at ¶ A.7, Resp. to RFP No. 2, Ex. 1 to Bundy Decl. (docket
15 no. 54-3 at 29).  Plaintiff does nothing to tie his alleged second kite to Reed or Reed's
16 assault, and he provides no basis for suspecting that King County has improperly withheld
17 documents responsive to his discovery requests.

18 Plaintiff further attempts to avoid summary judgment by arguing that one or more jail
19 officers, in removing LaLonde, but not Reed, from the cell block, violated jail policies and
20 thereby failed to prevent Reed's assault on plaintiff.  *See* Response at 3 (docket no. 52).
21 Plaintiff, however, concedes that he long ago received King County's voluminous responses
22 to his discovery requests, in which the jail officer who dealt with the incident involving
23 LaLonde was identified.  Rule Infraction/Behavior Modification Reports, Item 12, Resp. to
24 RFP No. 2 (dated June 15, 2009), Ex. 1 to Bundy Decl. (docket no. 54-3 at 50 & 55).
25 Plaintiff has never named this jail officer as a defendant, and the time for doing so has
26 expired.

Even if plaintiff were to join this jail officer as a party at this late juncture, plaintiff could not establish deliberate indifference because the jail officer's reports make clear that he did not know Reed was involved in an altercation with LaLonde. *Id.*  Instead, the jail officer's understanding from LaLonde was that another inmate, Steven Black, had sprayed him with a spray bottle and an unidentified inmate had hit LaLonde. *Id.*  Given the jail officer's lack of knowledge about Reed's assault on LaLonde and his quick response to the situation between LaLonde and Black, removing both inmates from the cell block, plaintiff could not, as a matter of law, establish that the jail officer could, and actually did, draw an inference that Reed posed a threat to plaintiff.

In sum, plaintiff has not specifically named any jail officer against whom he asserts his § 1983 due-process deliberate-indifference claim or his state law negligence claim, and he has not shown that further discovery would likely lead to the identification of an appropriate individual defendant.  Plaintiff fails to allege any facts from which a rational trier of fact could conclude that any King County jail officer had reason to know in advance that Reed would assault plaintiff and then took no action to prevent it.  To the contrary, the record indicates that jail officers responded promptly to events and then imposed disciplinary sanctions swiftly.  Because plaintiff does not point to the actions of any jail officer as being the cause of his injuries, plaintiff cannot establish that any actions adverse to him were taken pursuant to an official policy or longstanding practice or custom of King County or its jail or were conducted by a person with final policy-making authority for King County or its jail.[1]

---

[1] Plaintiff relies heavily on a Department of Justice ("DOJ") report issued in November 2007 concerning the King County Jail.  *See* Ex. to Mtn. to Compel (docket no. 49-1 at 1-27).  The DOJ report identified three problem areas:  (i) inappropriate use of force by custodial staff and inadequate systems for investigating staff misconduct; (ii) insufficient training on suicide prevention and lack of supervision of suicidal inmates; and (iii) inadequate provision of medical care.  *Id.*  Plaintiff's claims do not involve any of these matters, and he fails to show how the DOJ report is, or establishes a likelihood of discovering materials that are, relevant to this case.  If anything, the DOJ report reflects a system "committed to remedying all known deficiencies," which provided the DOJ "unfettered access to records and personnel" and responded to all of the DOJ's requests "in a transparent and forthcoming manner." *Id.* (docket no. 49-1 at 2).  Indeed, the DOJ commended the King County Jail staff for "their helpful and professional conduct throughout the course of the investigation."  *Id.*  Thus, although the DOJ report suggests that improvements are needed at the King

ORDER - 6

*See* <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658 (1978); *see also* <u>Carmona v. City of Costa Mesa</u>, 102 Fed. Appx. 74, 76 (9th Cir. 2004).  Plaintiff has further failed to proffer any support for the idea that, if a jail officer had known Reed was going to assault plaintiff and had done nothing to intercede, he would have been allowing the assault to occur pursuant to an official policy or longstanding practice or custom of the King County Jail.  The Court is satisfied that no amount of further discovery will reveal evidence sufficient to sustain such proposition.

**Conclusion**

For the foregoing reasons, plaintiff's motion to compel, docket no. 49, and motion for continuance under former Federal Rule of Civil Procedure 56(f), docket no. 52, are DENIED. Defendant King County's motion for summary judgment, docket no. 11, is GRANTED, and plaintiff's claims against King County are DISMISSED with prejudice.  Because plaintiff was a pretrial detainee at the time Reed assaulted him, plaintiff's Eighth Amendment claim under § 1983 is not cognizable and it is DISMISSED with prejudice.  Plaintiff's § 1983 due process and negligence claims against the unidentified John Doe defendants are DISMISSED without prejudice.  The Clerk is DIRECTED to enter judgment in favor of defendant King County and against plaintiff, and to send a copy of this Order to all counsel of record and to plaintiff pro se.

IT IS SO ORDERED.

DATED this 5th day of May, 2011.

Thomas S. Zilly
United States District Judge

---

County Jail, it does not in any way cast doubt on King County's forthrightness in providing plaintiff with the discovery to which he is entitled and in representing to plaintiff and the Court that it has no knowledge of evidence that would support a claim of deliberate indifference.

ORDER - 7